UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.            )<br>                                                              )<br>            Plaintiff,            )<br>   v.                                                     )<br>                                                              )<br>QUE THI NGUYEN, et al.,            )<br>                                                              )<br>            Defendants.            )<br>                                                              )<br>                                                              )<br>_____)  | Case No.: 11-CV-6169-LHK<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR DEFAULT JUDGMENT |

On February 16, 2012, the Clerk of the Court entered default against Defendants Que Thi Nguyen, Timothy B. Nguyen, and Thuy Vu, individually and doing business as Anh Duong, after Defendants failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. ECF No. 9. Before the Court is Plaintiff Joe Hand Promotions, Inc.'s application for default judgment. ECF No. 17. Defendants, not having appeared in this action to date, have not filed an opposition. Having read and considered Plaintiff's application, the Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court GRANTS Plaintiff's application for default judgment. The hearing and case management conference set for September 27, 2012 are VACATED.

**I. DISCUSSION**

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the closed-circuit program *Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck* (the "Program"), originally broadcast nationwide on Saturday, December 11, 2010. *See* Compl. ¶ 11. Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendants, at Defendants' commercial establishment located in San Jose, California. *Id*. at ¶ 14. On December 8, 2011, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as violations of California law against conversion and California Business and Professions Code §17200. In the pending motion for default judgment, however, Plaintiff only seeks damages under §605 and for conversion.

Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. §605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. §605(e)(3)(C)(ii). With respect to its conversion claim, Plaintiff seeks $900.00, representing that this is the amount Defendants would have been required to pay had Defendants licensed the Program from Plaintiff. *See* Mem. of Points and Authorities in Support of Pl.'s App. for Default Judgment by the Court ("Pl. Mem.") at 20. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendants reside and do business in this district), the Court shall proceed to review Plaintiff's motion for default judgment.

**A.    Damages under § 605**

    **1.    Statutory Damages under Section 605(e)(3)(c)(i)(II)**

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff has not submitted evidence as to what a properly purchased license would have cost. Plaintiff has, however, represented that damages for conversion should be $900.00, which Plaintiff represents is "the amount Defendant would have been required to pay had he ordered the Program from Plaintiff." Pl. Mem. at 20. Alternatively, as to potential profits of Defendants, Plaintiff submits evidence that three separate head counts, at various times, revealed that the total number of patrons was 50, 50, and 50, and that there was no cover charge. *See* Decl. of Affiant, attached to Appl. for Default Judgment. As there is no evidence of how much Defendants made during the unlawful exhibition of the Program, and Plaintiff's representation as to the commercial license fee is less than the minimum statutory damages amount, the Court awards the minimum statutory damages amount of $1,000.00.

### 2. Enhanced Damages Under Section 605(e)(3)(C)(ii)

Enhanced damages of up to $100,000.00 are available when the violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47 U.S.C. §605(e)(3)(C)(ii). In this case, there is no evidence that Defendant advertised the fight, charged a cover charge, or had a minimum purchase requirement. According to Plaintiff's investigator, Defendant had nine flat-screen televisions displaying the Program. *See* Decl. of Affiant at 1. Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus "Defendants must have undertaken specific wrongful actions to intercept and/or receive and broadcast the encrypted telecast." Pl. Mem. at 9. These facts, taken together with the uncontroverted pleadings, do suggest that Defendant acted willfully for commercial advantage and private financial gain.

Plaintiff also argues that these Defendants are repeat offenders, because "one additional action has been brought forth against Defendants." Supp. Decl. of Thomas P. Riley In Support of Pl. Mem. (hereafter "Riley Decl.") at ¶ 4. Plaintiff attaches a printout of a docket to support this contention. *See* Exh. 1 to Riley Decl. The action to which Plaintiff refers, however — Joe Hand Promotions, Inc. v. Nguyen et al., No. 5:10-CV-05120-JF — was dismissed voluntarily by Plaintiff on February 1, 2011. *See* ECF No. 11; Exh. 1 to Riley Decl. The fact that Plaintiff has previously

sued then dismissed some of these Defendants does not establish that Defendants are repeat offenders.

Given all these facts, the $100,000.00 maximum damages available are not warranted. Courts in the Northern District of California have found relatively modest enhancements proper when the case involved a limited number of patrons but the establishment charged a cover charge. *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS 71116, at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000.00 in statutory damages and $5,000.00 in enhanced damages when 40 patrons were present and a $10.00 cover charge was imposed). Here, there was no cover charge, there were 50 patrons present, and the Program was shown on nine televisions. Under these circumstances, the Court views $3,000.00 as a reasonable enhancement. Accordingly, the Court finds Plaintiff entitled to $3,000.00 in enhanced damages.

**B.     Damages for Conversion**

Plaintiff also seeks $900.00 in damages for conversion under California Civil Code §3336. The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful interception, and "severe economic distress and great financial loss." *See* Compl. ¶¶ 25-28. Damages for conversion are based on the value of the property at the time of conversion. *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941). Plaintiff, however, has submitted no evidence whatsoever as to the actual amount of damages sustained, or to the value of the property Defendants allegedly converted. The only indication of Plaintiff's amount of loss is Plaintiff's unsworn statement that the license would have cost $900.00. Pl. Mem. at 20. This statement in Plaintiff's briefing is not evidence. *See United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995). Without any evidence as to the loss Plaintiff has sustained, the Court cannot determine a reasonable amount of damages. Accordingly, the Court does not award any additional damages for conversion.

**II. ORDER**

4

Case No.: 11-CV-6169-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

For the reasons detailed above, Plaintiff's application for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendants Que Thi Nguyen, Timothy B. Nguyen, and Thuy Vu, individually and doing business as Anh Duong, in the amount of $4,000 in total damages.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2012

_____
LUCY H. KOH
United States District Judge